UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILFREDO REYES,

     Plaintiff,

v.                                                Case No: 8:18-cv-2153-JSS

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.
_____/

## ORDER

THIS MATTER is before the Court on Plaintiff's Opposed Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) ("Motion") (Dkt. 25) and the Commissioner of Social Security's ("Commissioner") Response (Dkt. 26).  On October 6, 2021, this Court conducted a hearing on the Motion.  Upon consideration and for the reasons stated at the hearing, the Motion is denied.

On May 14, 2015, Plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income, alleging disability beginning on April 20, 2015.  (Dkt. 25 at 2.)  After the Commissioner denied his claims, he appealed the Commissioner's decision to this Court.  (*Id.* at 2–3.)  On May 20, 2019, the Court granted Defendant's Unopposed Motion for Entry of Judgment with Remand (Dkt. 16), reversed the decision of the Commissioner, and remanded this case for further proceedings.  (Dkt. 17 at 2–3.)  Thereafter, Plaintiff's counsel, Michael A. Steinberg ("Mr. Steinberg") was awarded $3,827.10 by the Court in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A).  (Dkt. 22 at 4.)  Mr.

Steinberg, however, asserts that the $3,827.10 of the EAJA fee award was withheld due to a debt owed to the federal government.  (Dkt. 25 at 4.)

After remand, an Administrative Law Judge held a second hearing and found Plaintiff to be disabled.  (Dkt. 25 at 3.)  On June 4, 2021, Mr. Steinberg filed the instant Motion pursuant to 42 U.S.C. § 406(b) seeking an award of $9,800.00.  (*Id.*)  In support of the Motion, Mr. Steinberg attaches two letters from the Social Security Administration ("SSA") dated December 9, 2020 and March 22, 2021.  (Dkts. 25-1; 25-3.)  Both letters notified counsel that a portion of past-due benefits were being withheld by the SSA as attorney's fees.[1]  (*Id.*)  The Commissioner responds that the Motion is untimely and should be denied.  (Dkt. 26 at 4.)  For the reasons stated during the hearing and that follow, the Motion is denied.

## ANALYSIS

Pursuant to 42 U.S.C. § 406(b), "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."  Moreover, the Eleventh Circuit Court of Appeals has held that § 406(b) "authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further

---

[1] Specifically, the December 9, 2020 letter informed counsel that the SSA was withholding $21,156.00, which represented 25% of the past-due benefits payable to Plaintiff. (Dkt. 25-1 at 1.)  The March 22, 2021 letter informed counsel that the SSA was withholding $15,156.00, which represented the past-due benefits for services performed before the SSA.  (Dkt. 25-3 at 1.)

proceedings, and the Commissioner on remand awards the claimant past-due benefits." *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006). The Court further held that Federal Rule of Civil Procedure 54(d)(2)(B) applies to Section 406(b) attorney's fee claims. *Id.* at 1277. Rule 54(d)(2)(B) provides that "[u]nless otherwise provided by statute or order of the court, the motion must be filed no later than 14 days after entry of judgment."

In light of this filing requirement and "[b]ecause the amount of past-due benefits and attorney's fees is unknown at the time of judgment," the Middle District of Florida issued a Standing Order adopting certain procedures and filing schedules with regard to Section 406(b) motions for attorney's fees. *See In re Procedures for Applying for Attorney's Fees under 42 U.S.C. §§ 406(b) and 1383(d)(2)*, No. 6:12-mc-124-ORL-22 (M.D. Fla. Nov. 13, 2012) (Dkt. 1 at 1) ("Standing Order"). The Standing Order provides, in relevant part:

> (1) If the plaintiff's attorney seeks attorney's fees under 42 U.S.C. §[ ] 406(b) . . . , he or she must file a motion for approval of such fees no later than thirty (30) days after the date of the Social Security letter sent to the plaintiff's counsel of record at the conclusion of the Agency's past-due benefit calculation stating the amount withheld for attorney's fees.

Standing Order at 1.

Based on the language from the Standing Order, the Commissioner asserts that the Motion is untimely. (Dkt. 26 at 4.) Specifically, the Commissioner contends that "[b]oth the December 9, 2020 letter and the March 22, 2021 letter satisf[y] the triggering event for the 30 days to begin to run" and "Plaintiff's attorney did not file his motion . . . until June 4, 2021 [ ], nearly two months after the date of the most

recent notice stating the amount withheld for attorney fees." (*Id.* at 3.)  According to the Commissioner, even if the Court were to focus solely on the March 22, 2021 letter, the Motion was due on April 21, 2021.  (*Id.* at 4.)

Mr. Steinberg, however, did not file the Motion until June 4, 2021.  (Dkt. 25.)  In the Motion, Mr. Steinberg asserts, without supporting caselaw, that

> [g]enerally, the time within which to file a fee petition under 406B is 30 days from the date of the Notice of Award with respect to all beneficiaries entitled to receive benefits as a result of the favorable decision.  This includes auxiliaries entitled to benefits under the wage earners claim.

> It is the position of the undersigned, that the time [sic] filing fee petition does not begin until all Notices of Award have been properly issued, including notices to the beneficiary and his auxiliaries, and a copy of the Notice of Award is sent to the attorney that handled the case at the federal level.

(*Id.* at 3–4.)   At the hearing, Mr. Steinberg further explained that since the Commissioner has not issued a notice of award for the auxiliary beneficiaries which includes a revised amount withheld for his fee, his time to file a motion for attorney's fees pursuant to Section 406(b) has not yet been triggered.[2]

Mr. Steinberg's assertions, however, are without merit.   Pursuant to this District's Standing Order, Mr. Steinberg was required to file his motion for attorney's fees no later than 30 days after the date of the Social Security letter sent to him at the

---

[2] In response, the Commissioner asserted at the hearing that it was the policy and practice of the SSA to send one letter, indicating the amount withheld for attorney's fees, to each individual recipient of an award.   Indeed, the Commissioner noted that in cases where a determination is made that a claimant and an auxiliary are to receive an award of past-due benefits, each individual will receive their own notice of award indicating the amount of attorney's fees being withheld.   Since Plaintiff's auxiliary has yet to receive such a letter, the Commissioner asserted that the SSA does intend to issue one for Plaintiff's auxiliary in the near future.

conclusion of the Agency's past-due benefit calculation stating the amount withheld for attorney's fees. *See Garcia v. Saul*, No. 2:20-cv-476-JLB-NPM, 2021 WL 1561467, at *1 (M.D. Fla. Apr. 21, 2021) (noting that "any fee application under section 406(b) must comply with the Order in Miscellaneous Case No. 6:12-mc-124-Orl-22"); *Moffat v. Comm'r of Soc. Sec.*, No. 8:13-cv-2853-T-36EAJ, 2015 WL 1038014, at *4 (M.D. Fla. Mar. 10, 2015) (noting that "any motion for attorney's fees under 42 U.S.C. § 406(b) must be filed no later than thirty (30) days after the date of the Social Security letter sent to the plaintiff's counsel of record at the conclusion of the Agency's past due benefit calculation stating the amount withheld for attorney fees"). Indeed, the March 22, 2021 letter to Mr. Steinberg satisfies the Standing Order's triggering event for the 30 days to begin to run. Therefore, the Motion is untimely, as it was due on or before April 21, 2021. *See Wrotten v. Colvin*, No. 2:10-cv-685-FtM-38CM, 2014 WL 3053095, at *3 (M.D. Fla. June 18, 2014) (recommending that the attorney's Section 406(b) motion be denied as untimely for being filed outside the deadline set by the Middle District of Florida's Standing Order, No. 6:12-mc-124-ORL-22).

Accordingly, it is **ORDERED** that Plaintiff's Opposed Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) (Dkt. 25) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, on October 18, 2021.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

- 5 -