UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILFREDO REYES,

     Plaintiff,

v.                                                                                    Case No: 8:18-cv-2153-JSS

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____/

## ORDER

THIS MATTER is before the Court on Plaintiff's Opposed Motion for Rehearing and/or Supplemental Motion for Attorney Fees under 32 U.S.C. § 406(b) ("Motion") (Dkt. 31) and the Commissioner of Social Security's ("Commissioner") Response (Dkt. 35). On January 19, 2022, this Court conducted a hearing on the Motion. Upon consideration and for the reasons stated at the hearing, the Motion is granted in part and denied in part.

On May 14, 2015, Plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income, alleging disability beginning on April 20, 2015. (Dkt. 25 at 2.) After the Commissioner denied his claims, he appealed the Commissioner's decision to this Court. (*Id.* at 2–3.) On May 20, 2019, the Court granted Defendant's Unopposed Motion for Entry of Judgment with Remand (Dkt. 16), reversed the decision of the Commissioner, and remanded this case for further proceedings. (Dkt. 17 at 2–3.) Thereafter, Plaintiff's counsel, Michael A. Steinberg

("Mr. Steinberg") was awarded $3,827.10 by the Court in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A).  (Dkt. 22 at 4.)

After remand, an Administrative Law Judge held a second hearing and found Plaintiff to be disabled.  (Dkt. 25 at 3.)  On June 4, 2021, Mr. Steinberg filed a motion pursuant to 42 U.S.C. § 406(b) seeking an award of $9,800.00.  (*Id.*)  That motion, however, was denied as untimely.  (Dkt. 30.)  On November 9, 2021, Mr. Steinberg filed the instant Motion, which seeks reconsideration of the denial of his prior motion, or, in the alternative, seeks to supplement the motion to recover attorney's fees under 42 U.S.C. § 406(b) with respect to the past due benefits awarded to the Plaintiff's auxiliary.  (Dkt. 31 at 4.)  For the reasons stated at the hearing and that follow, Plaintiff's request for a rehearing is denied and the request for attorney's fees based on the past due benefits owed to Plaintiff's auxiliary is granted.

## ANALYSIS

Pursuant to 42 U.S.C. § 406(b), "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."  Moreover, the Eleventh Circuit Court of Appeals has held that § 406(b) "authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits."  *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006).  For fees

sought within the "25 percent boundary," a movant must show "that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

Here, Plaintiff's counsel seeks, in the alternative to a rehearing, to supplement his motion to seek Section 406(b) fees in the amount of $9,800 from the auxiliary. (Dkt. 31 at 4.) Specifically, Plaintiff's counsel seeks a contingency fee award of $9,800 for the time spent on this appeal, which totaled 19.6 hours of work. (Dkt. 25 at 8; Dkt. 25–5 at 1.) Plaintiff's counsel argues that this amount should be approved because Plaintiff agreed to a contingency fee of twenty-five percent of the retroactive benefits awarded, and Plaintiff's counsel argues the fee award is reasonable. The Commissioner does not oppose Plaintiff's request. (Dkt. 35.)

In assessing reasonableness, courts consider whether the retainer agreement contains a fee agreement and whether the sum requested is less than twenty-five percent of the awarded retroactive benefits. *See Vilkas v. Comm'r of Soc. Sec.*, No. 2:03CV687FTM-29DNF, 2007 WL 1498115, at *1 (M.D. Fla. May 14, 2007) (citing *Gisbrecht*, 535 U.S. at 807–08 and awarding the requested contingency fee under § 406(b) because the plaintiff agreed to pay his counsel twenty-five percent of any awarded retroactive benefits under the retainer agreement and the sum requested was less than twenty-five percent of the awarded retroactive benefits).

Here, Plaintiff agreed to pay Michael A. Steinberg twenty-five percent of the amount of past due benefits awarded (Dkt. 25-4), which comports with § 406(b)(1)(A). In addition, the requested fee of $9,800 does not exceed twenty-five percent of the awarded retroactive benefits. (Dkt. 31-2 at 1.)

In determining attorney's fee requests, courts also consider "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Plaintiff's representation resulted in the Court's reversing and remanding the unfavorable decision. (Dkts. 17, 18.)  On remand, Plaintiff's counsel's representation resulted in a favorable decision and an award of past due benefits.  (Dkt. 25 at 3.) Plaintiff's counsel filed the Motion promptly after receiving the notice of award regarding Plaintiff's auxiliary. (Dkt. 31.)  Thus, the favorable results counsel achieved for Plaintiff and counsel's promptness in filing the Motion support the reasonableness of the requested fee.  *Gisbrecht*, 535 U.S. at 808 (reasoning that a reduction in the requested fees is warranted if an attorney is "responsible for delay . . . so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court").

Finally, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is [ ] in order." *Gisbrecht*, 535 U.S. at 808 (explaining that a time itemization and a statement of the attorney's normal hourly billing rate is helpful to aid the court's reasonableness assessment, while describing the court's wide discretion in this assessment because "[j]udges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review").  However, when reviewing the contingency fee requested in terms of the equivalent hourly rate, courts in the Eleventh Circuit have approved contingency fees that equate to hourly rates within the range of Plaintiff's request, and

the requested contingency fee here equating approximately $800 per hour is not unreasonable. *See Carpenter v. Astrue*, No. 8:10-CV-290-T-TGW, 2012 WL 367261, at *1 (M.D. Fla. Feb. 3, 2012) (approving a contingency fee equaling approximately $852 per hour); *Haynes v. Astrue*, No. 8:09-CV-392-T-TGW, 2011 WL 127121, at *1 (M.D. Fla. Jan. 14, 2011) (approving a contingency fee equaling approximately $453 per hour); *Vilkas*, 2007 WL 1498115, at *2 (approving a contingency fee equaling "approximately $1,121.86 per hour for the 5.5 hours she spent in this case" because "[e]ven though the fee request on an hourly basis is high," the requested amount was far less than twenty-five percent of the retroactive benefits).

Accordingly, it is **ORDERED**:

1. Plaintiff's Opposed Motion for Rehearing and/or Supplemental Motion for Attorney Fees under 32 U.S.C. § 406(b) is **GRANTED** to the extent that the Court approves the attorney's fees requested by counsel as reasonable.

2. Plaintiff's counsel, Michael Steinberg, is awarded $9,800.00 in fees pursuant to 42 U.S.C. § 406(b).

3. Plaintiff's request for rehearing is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, on January 19, 2022.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record